UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES CRADDOCK, | ) | Case No. 1:09CV2860 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| FRANK SHEWALTER, Warden, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Respondent. | ) | |
| | ) | |

On December 9, 2009, Charles Craddock ("Petitioner"), through counsel, filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254.  ECF Dkt. #1.  Petitioner seeks relief from a judgment of conviction entered by the Cuyahoga County, Ohio Court of Common Pleas for two counts of rape in violation of Ohio Revised Code ("ORC.") § 2907.02 as amended with the force language removed, and three counts of gross sexual imposition in violation of ORC § 2907.05. The case was referred to the undersigned for the preparation of a Report and Recommendation.  On March 12, 2010, Respondent Frank Shewalter, Warden of the Grafton Correctional Institution in Grafton, Ohio, filed a return of writ.  ECF Dkt. #4.  On May 14, 2010, Petitioner, through counsel, filed a traverse.  ECF Dkt. #6.

For the following reasons, the undersigned recommends that the Court DISMISS the instant petition, in its entirety, with prejudice:

I.    **PROCEDURAL HISTORY**

A.    **State Trial Court**

In its May 1999 term, the Cuyahoga County Grand Jury issued an indictment charging Petitioner with four counts of rape in violation of ORC § 2907.02 and nine counts of gross sexual imposition in violation of ORC § 2907.05.  ECF Dkt. #4-1 at 1-13.

On January 24, 2000, the Cuyahoga County Court of Common Pleas issued a journal entry indicating that Petitioner had retracted his prior not guilty plea and entered guilty pleas to two counts of rape with the force language deleted, and three counts of gross sexual imposition.  ECF Dkt. #4-1

at 14.

On February 15, 2000, the trial court sentenced Petitioner to ten years of imprisonment on the two rape counts, to run concurrent, five years each on the gross sexual imposition counts, to run concurrent, but the rape sentence to run consecutive to the gross sexual imposition sentence.  ECF Dkt. #4-1 at 16.  Thus, Petitioner was sentenced to a total of fifteen years in prison.  The trial court also held a hearing and adjudicated Petitioner a sexual predator.  *Id.* at 15.

Petitioner did not file a direct appeal.

**B.**     **Motion to Withdraw Guilty Plea**

On July 9, 2001, Petitioner filed a pro se motion to withdraw his guilty plea.  ECF Dkt. #4-1 at 17.  Petitioner asserted that his plea was not voluntarily, intelligently or knowingly made because the trial court accepted his plea without making sure that he knew the maximum penalties for the offenses to which he was pleading guilty.  *Id.*  Specifically, Petitioner contended that the trial court failed to state the maximum possible penalties that he was facing or inform him that his sentences could run consecutively.  *Id.* at 18.  Petitioner also argued that the trial court did not inquire thoroughly enough into whether he had been threatened or induced into pleading guilty.  *Id.*  Finally, Petitioner asserted that his counsel was ineffective because he was 82 years old and died within weeks of the plea hearing, which shows the likelihood that he was not in full control of his faculties. *Id.*  Petitioner noted statements by his counsel that sufficient evidence existed to convict him at trial and that he should plead guilty or would face two life sentences if found guilty at trial.  *Id.*  at 19. He also asserted that his counsel failed to contact any of the state's witnesses and his counsel was ineffective for allowing him to enter a plea when he knew that Petitioner was under the influence of alcohol at the time of the plea hearing.  *Id.* at 20.

On October 9, 2001, new counsel filed a notice of appearance and a supplement to Petitioner's motion to withdraw his guilty plea.  ECF Dkt. #4-1 at 36.  Counsel's supplement repeated Petitioner's assertion that the trial court did not make sure that he was aware of the maximum penalties that he was facing, and added that the trial court failed to instruct Petitioner that the court could proceed with judgment and sentence.  *Id.* at 40.  Counsel explained that the trial court informed Petitioner of the maximum penalties for each count, but failed to inform him that the

sentences could run consecutively.  *Id*. at 42-43.  Counsel also asserted that the trial court failed to allow Petitioner to finish his question when Petitioner asked if he could ask the court a question after the court inquired into whether Petitioner had been promised or induced into pleading guilty.  *Id*. at 40-41.  Counsel also asserted that trial counsel was ineffective because that counsel informed Petitioner that he could receive a sentence of three years in prison and allowed Petitioner to plead even though he was intoxicated.  *Id*. at 43.

On April 15, 2003, the trial court summarily denied the motion to withdraw.  ECF Dkt. #4-1 at 50.

On May 8, 2003, Petitioner, through counsel, appealed the denial of his motion to withdraw his guilty plea to the Eighth District Court of Appeals.  ECF Dkt. #4-1 at 51.  Petitioner raised the following assignments of error in his appellate brief:

> I.  THE TRIAL COURT ERRED IN NOT HOLDING A HEARING ON APPELLANT'S MOTION TO WITHDRAW PLEA.
>
> II.  THE TRIAL COURT'S DENIAL OF APPELLANT'S MOTION TO WITHDRAW PLEA WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, CONTRARY TO LAW AND AMOUNTED TO A MANIFEST INJUSTICE.
>
> III.  THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCES ON EACH OF THE COUNTS TO WHICH APPELLANT PLED GUILTY.
>
> IV.  THE TRIAL COURT ERRED IN ORDERING THE SENTENCES ON COUNTS, NINE, TEN AND ELEVEN TO RUN CONSECUTIVELY TO THE SENTENCES ON COUNTS ONE AND TWO.

ECF Dkt. #4-1 at 75.

On February 23, 2004, the appellate court affirmed Petitioner's conviction, but vacated his sentence and remanded his case for resentencing.  ECF Dkt. #4-1 at 138.  The court found that no manifest injustice had occurred when the trial court refused to grant a hearing on Petitioner's motion to withdraw his plea or in denying the motion to withdraw his plea.  *Id.* at 142.  The appellate court found, however, that the trial court failed to make the required findings under ORC 2929.19(B) for imposing the maximum sentences and failed to make the required findings under ORC 2929.14(E)(4) in ordering the sentences to run consecutively.  *Id.* at 142-149.  Accordingly, the court

-3-

affirmed Petitioner's conviction but remanded Petitioner's case for resentencing.  *Id.*

### C.     First Resentencing

On July 30, 2004, the trial court resentenced Petitioner to a total of sixteen years, running the two seven-year sentences on the rape counts consecutively and running the three two-year gross sexual imposition convictions concurrent with one another but consecutive to the rape sentences. ECF Dkt. #4-1 at 153.

On August 18, 2004, Petitioner filed a pro se notice of appeal of his resentencing to the Eighth District Court of Appeals.  ECF Dkt. #4-1 at 154.  The appellate court dismissed the appeal sua sponte for Petitioner's failure to file the record pursuant to the Ohio Rules of Appellate Procedure.  *Id.* at 171.

On August 27, 2004, Petitioner, through new counsel, filed another notice of appeal.  ECF Dkt.#4-1 at 172.  Petitioner asserted the following assignments of error in his brief:

> Assignment of Error I:
>
> > THE TRIAL COURT ERRED WHEN IT IMPOSED MORE THAN MINIMUM CONCURRENT TERMS OF IMPRISONMENT UPON MR. CRADDOCK IN THE ABSENCE OF JURY FINDINGS THAT WOULD OVEFRCOME[sic] THE PRESUMPTION THAT THE SENTENCE IMPOSED WOULD BE MINIMUM CONCURRENT TERMS AGGREGATING TO THREE YEARS OF IMPRISONMENT.
>
> Assignment of Error II:
>
> > THE SENTENCE MUST BE VACATED BECAUSE THE TRIAL COURT FAILED TO FULLY ADVISE MR. CRADDOCK ABOUT POST-RELEASE CONTROL AT SENTENCING.
>
> Assignment of Error III:
>
> > THE TRIAL COURT FAILED TO ADEQUATELY ENSURE THAT ITS TOTAL SENTENCE WAS PROPORTIONATE TO SENTENCES BEING GIVEN TO SIMILARLY SITUATED OFFENDERS WHO HAVE COMMITTED SIMILAR OFFENSES.

*Id.* at 181.  Petitioner filed a motion for leave to supplement the appellate brief, which the appellate court granted.  *Id.* at 228, 241.  Petitioner's pro se supplemental brief included the following assignment of error:

> > The Trial Court erred to the prejudice of the Appellant, when it denied Appellant Due-process & Equal Protection of the Law, pursuant to 5th, and 14th Amendments of the United States Constitution, and Section 16 of Article One of the Ohio

> Constitution, when it failed to notify the Appellant of the Maximum/Mandatory Criminal Rule/Statutory requirement term of (5) five years Post-release control, pursuant to § 2967.28, also see Crim. R. 11(C)(2). Thus, Appellant's plea was not a knowing, intelligent, and voluntary waiver of his vital constitutional rights.

*Id.* at 231.

On July 8, 2005, the Eighth District Court of Appeals vacated Petitioner's entire resentence and remanded again for resentencing. ECF Dkt. #4-1 at 270. The appellate court found merit to Petitioner's assertion that the trial court failed to fully advise him of post-release control at his resentencing as the court failed to advise Petitioner that a violation of post-release control could result in imprisonment up to one-half of his original sentence. *Id.* While noting that the State had conceded this error, the appellate court rejected the State's assertion that the court should just remand Petitioner's sentence for the limited purpose of advising him accurately of the mandatory post-release control requirements. *Id.* at 270-271, quoting *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864 ("when a trial court fails to notify an offender about postrelease control at the sentencing hearing but incorporates into its journal entry imposing sentence, it fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing.").

### D.    Motion for Judicial Release

On September 30, 2004, Petitioner, pro se, filed a motion for judicial release. ECF Dkt. #4-3 at 102. On October 8, 2004, the trial court denied the motion. *Id.* at 107.

### E.    Motion for Reconsideration

On June 21, 2005, Petitioner filed a pro se motion for reconsideration pursuant to Rule 26(A) of the Ohio Rules of Appellate Procedure. ECF Dkt. #4-1 at 273. Petitioner asserted that without an adequate explanation of post-release control at his sentencing from the trial court, he could not fully understand the consequences of his plea and therefore the court should have found that his guilty plea was rendered invalid, rather than merely remanding his case for resentencing. *Id.* at 275-276.

On July 8, 2005, the appellate court denied Petitioner's motion for reconsideration, finding that Petitioner's motion raised an issue that was not raised in his appeal. ECF Dkt. #4-1 at 278.

-5-

**F.**    **Motion to Withdraw Guilty Plea**

On October 5, 2005, Petitioner, through counsel, filed a motion in the trial court to withdraw his guilty plea. ECF Dkt. #4-1 at 279. Petitioner asserted that the trial court made two fundamental errors during the plea colloquy, either of which required that his plea be vacated. *Id.* at 280. Petitioner asserted that the trial court failed to fully inform him about the mandatory nature of his sentence as he was advised that any sentence of more than three years would be eligible for judicial release, when, in actuality, a sentence for rape is mandatory in its entirety. *Id.* at 280. Petitioner also contended that the trial court failed to advise him that he was required to serve a term of post-release control. *Id.* at 281. Petitioner related that the trial court's failures rendered his plea not intelligently or voluntarily made. *Id.* at 282. He also asserted the ineffectiveness of his counsel since his counsel advised him that he was eligible for judicial release after three and a half years. *Id.* at 282-283.

**G.**    **2005 Resentencing**

On December 6, 2005, the trial court again resentenced Petitioner, this time to a total of 14 years in prison. ECF Dkt. #4-2 at 1. The court sentenced Petitioner to seven years each on the two rape counts, with each sentence to run consecutively to the other, which would run concurrently with two-year concurrent sentences on each of the gross sexual imposition convictions. *Id.* The trial court indicated that it had informed Petitioner of a post-release control term of five years. *Id.* At the resentencing hearing held on December 1, 2005, the court also heard argument as to Petitioner's prior motion to withdraw his guilty plea and denied the motion based upon res judicata. ECF Dkt. #4-3 at 211, 213-225. The trial court explained that the withdrawal of the guilty plea had been raised before and determined by both the trial court and the appellate court and if Petitioner wanted to raise any other issues regarding withdrawing his guilty plea, he should have done so earlier. *Id.*

On January 5, 2006, Petitioner, through counsel, appealed the December 6, 2005 judgment. ECF Dkt. #4-2 at 3. Petitioner, through counsel, filed his appellate brief on May 10, 2006 asserting the following assignments of error:

> ASSIGNMENT OF ERROR I
>
> > THE TRIAL COURT ERRED WHEN IT DENIED THE MOTION TO WITHDRAW THE GUILTY PLEAS WITHOUT AN EVIDENTIARY HEARING

-6-

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY IMPOSING MORE THAN MINIMUM
AND CONCURRENT TERMS OF IMPRISONMENT

*Id.* at 18-31.

On November 20, 2006, the Eighth District Court of Appeals again vacated Petitioner's sentence and remanded his case for resentencing.  ECF Dkt. #4-2 at 64.  The appellate court found that the trial court was without jurisdiction to consider Petitioner's motion to withdraw his guilty plea because the appellate court had already affirmed his conviction and had remanded the case twice only for the limited purpose of resentencing.  *Id.* at 67-68.  The appellate court alternatively held that res judicata barred consideration of the motion as Petitioner should have raised these issues in his prior motion and appeal. *Id*. at 69-70.  The court also addressed Petitioner's assertion that when he filed his first motion to withdraw his plea, he did not know he would not be eligible for judicial release after three years and thus was unable to raise this issue in his first appeal.  *Id*. at 70.  The appellate court disagreed, applying res judicata and quoting the transcript of the plea hearing in which the three-year judicial release was discussed on the record, which showed that the issue should have been raised on direct appeal since it was part of the record.  *Id*.  As to Petitioner' assertion of ineffective assistance of counsel for allegedly improperly advising him of judicial release after three years, the court found that this assertion relied upon evidence outside of the record and thus should have been raised in a petition for postconviction relief.  *Id*. at 70-71.

However, the appellate court vacated Petitioner's sentence and remanded it again to the trial court, as it found that the trial court had relied upon unconstitutional provisions of the Ohio Revised Code when it imposed Petitioner's consecutive sentences.  ECF Dkt. #4-2 at 92.  The appellate court noted that Petitioner's appeal was pending when the Supreme Court of Ohio decided *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006).  The Supreme Court of Ohio found that several provisions of the Ohio sentencing statutes  violated principles that the United States Supreme Court announced in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d (2004).

On January 4, 2007, Petitioner, through counsel, filed a notice of appeal to the Supreme Court of Ohio.  ECF Dkt. #4-2 at 73.  In his memorandum in support of jurisdiction, Petitioner raised

the following propositions of law:

> ### PROPOSITION OF LAW I
>
> > Pursuant to Crim. R. 32.1, a trial court may fully consider a motion to withdraw a guilty plea that is made after an appeal in which the court of appeals has affirmed the conviction, as long as to the motion is premised upon grounds not previously raised.
>
> ### PROPOSITION OF LAW II and III
>
> > The failure during a plea colloquy to correctly advise a defendant of the length of post-release control that will be part of a sentence of imprisonment causes the plea to be invalid.
> >
> > The failure during [sic] to advise a defendant that an offense to which a plea of guilty is being entered carries with it a mandatory term of imprisonment causes the plea to be invalid.

ECF Dkt. #4-2 at 76.  On March 28, 2007, the Supreme Court of Ohio denied Petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question.  *Id*. at 94.

### H.  **Motion to Withdraw Guilty Plea**

On January 26, 2007, Petitioner, through counsel, filed a motion to withdraw his guilty plea. ECF Dkt. #4-3 at 302.  On February 1, 2007, the trial court denied Petitioner's motion.  *Id.* at 310.

### I.  **2007 Resentencing**

On February 1, 2007, the trial court resentenced Petitioner.  ECF Dkt. #4-2 at 95.  The court imposed a total prison sentence of 14 years, which consisted of consecutive sentences of seven years on the two rape convictions and concurrent two-year terms of imprisonment on the gross sexual imposition convictions, which were to run concurrently to the rape sentences.  *Id*.  The trial court further found that Petitioner was entitled to no reduction in post-release control and the term of post-release control was five years.  *Id.*

On February 6, 2007, Petitioner, through counsel, filed a notice of appeal of the resentencing. ECF Dkt. #4-2 at 96.  In his appellate brief, Petitioner asserted the following assignments of error:

> Assignment of Error I:
>
> MR. CRADDOCK HAS BEEN DENIED DUE PROCESS OF LAW BY VIRTUE OF HIS HAVING ENTERED A GUILTY PLEA PREMISED UPON FALSE INFORMATION GIVEN TO HIM BY THE TRIAL COURT REGARDING HIS POTENTIAL SENTENCE.

Assignment of Error II:

APPELLANT WAS DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW WHEN HE WAS SENTENCED UNDER A JUDICIALLY ALTERED, RETROACTIVELY APPLIED, AND SUBSTANTIALLY DISADVANTAGEOUS STATUTORY FRAMEWORK

*Id.* at 113.  On February 19, 2008, the Eighth District Court of Appeals affirmed the trial court's judgment. *Id.* at 164.  The court noted that this was Petitioner's fourth appeal. *Id.*  The appellate court rejected Petitioner's first assignment of error, holding that the trial court was without jurisdiction to address the guilty plea as it had already affirmed his conviction in the prior appellate decisions. *Id.* at 170-171.  The court further held that Petitioner should have raised all of his issues relating to his guilty plea on direct appeal and was thus barred by res judicata in raising them in this appeal. *Id.* at 171.

On April 4, 2008, Petitioner, through counsel, filed a notice of appeal to the Supreme Court of Ohio. ECF Dkt. #4-2 at 174.  In his memorandum in support of jurisdiction, Petitioner raised the following propositions of law:

PROPOSITIONS OF LAW I AND II:

A TRIAL COURT HAS JURISDICTION TO CONSIDER A POST-APPEAL MOTION TO WITHDRAW A PLEA.

THE LAW OF THE CASE DOCTRINE DOES NOT BAR CONSIDERATION OF A POST-APPEAL MOTION TO WITHDRAW A PLEA IF THE MOTION RAISES ISSUES NOT SPECIFICALLY RESOLVED ON APPEAL.

PROPOSITIONS OF LAW III AND IV:

THE FAILURE DURING A PLEA COLLOQUY TO ADVISE A DEFENDANT THAT MANDATORY POST-RELEASE CONTROL WILL BE PART OF A SENTENCE OF IMPRISONMENT CAUSES THE PLEA TO BE INVALID.

THE FAILURE DURING A PLEA COLLOQUY TO ADVISE A DEFENDANT THAT AN OFFENSE TO WHICH A PLEA OF GUILTY IS BEING ENTERED CARRIES WITH IT A MANDATORY TERM OF IMPRISONMENT CAUSES THE PLEA TO BE INVALID.

PROPOSITIONS OF LAW V:

BECAUSE THE REMEDY MANDATED BY STATE V. FOSTER, 109 OHIO ST.3D 1, 2006-OHIO-856, CANNOT BE APPLIED RETROACTIVELY, PERSONS WHOSE FELONY OFFENSES WERE COMMITTED PRIOR TO FEBRUARY 27, 2006 MUST BE SENTENCED TO MINIMUM AND CONCURRENT TERMS OF IMPRISONMENT.

-9-

*Id.* at 177.  On July 9, 2008, the Supreme Court of Ohio denied Petitioner leave to appeal and dismissed his appeal as not involving any substantial constitutional question.  *Id*. at 212.

On July 21, 2008, Petitioner, through counsel, filed a motion in the Supreme Court of Ohio for reconsideration of its dismissal of his discretionary appeal as to his first two Propositions of Law. ECF Dkt. #4-2 at 213.  On September 10, 2008, the Supreme Court of Ohio denied Petitioner's motion for reconsideration.  *Id*. at 220.

### J.    Motion to Withdraw Guilty Plea and Motion for Judicial Release

On April 9, 2008, while his appeal to the Supreme Court of Ohio was pending, Petitioner pro se filed a motion to withdraw his guilty plea in the trial court.  ECF Dkt. #4-2 at 221.  On June 11, 2008, the trial court denied the motion, indicating that Petitioner was advised of his five-year term of post-release control.  *Id*. at 263.  On June 2, 2008, also while his appeal was pending, Petitioner, pro se, filed a motion for judicial release.  ECF Dkt. #4-3 at 137.

On July 8, 2008, Petitioner, pro se, filed a notice of appeal in the Eighth District Court of Appeals and asserted the following assignments of error in his appellate brief:

> Assignment of Error I:
>
>> THE TRIAL COURT ERRED WHEN IT DENIED THE MOTION TO WITHDRAW THE GUILTY PLEAS WITHOUT AN EVIDENTIARY HEARING.
>
> Assignment of Error II:
>> THE TRIAL COURT ERRED WHEN IT DENIED THE MOTION TO WITHDRAW THE GUILTY PLEAS WITHOUT PASSING UPON EACH ISSUE RAISED.
>
> Assignment of Error III:
>> THE TRIAL COURT ERRED WHEN IT DENIED THE MOTION TO WITHDRAW THE GUILTY PLEAS WHEN THE ERRORS COMMITTED DURING THE PLEA HEARING, COLLECTIVELY, RENDER THE PLEAS UNENFORCEABLE UNDER THE UNITED STATES AND OHIO CONSTITUTIONS AND MAKING THE PLEAS VOID.
>
> Assignment of Error IV:
>> TRIAL COUNSEL WAS INEFFECTIVE DURING THE PLEA HEARING RENDERING THE GUILTY PLEAS NOT KNOWING, VOLUNTARY OR INTELLIGENT.

ECF Dkt. #s 4-2 at 264, 286.

On April 13, 2009, the appellate court affirmed the judgment of the trial court in denying the

motion to withdraw the guilty plea. ECF Dkt. #4-3 at 12. The appellate court summarily overruled all of Petitioner's assignments of error, holding that the trial court was without jurisdiction to consider the motion to withdraw the guilty plea. *Id*. at 16. The court referenced its prior mandate in the last appeal of Petitioner, indicating that it had affirmed the judgment of the trial court and ordered that "a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence." *Id*. at 16-17. The appellate court ruled that its prior decision was the law of the case and thus the trial court lacked jurisdiction to consider Petitioner's repetitive arguments. *Id*. at 17.

On May 28, 2009, Petitioner, through counsel, filed a notice of appeal to the Supreme Court of Ohio. ECF Dkt. #4-3 at 20. In his memorandum in support of jurisdiction, Petitioner asserted the following propositions of law:

> PROPOSITION OF LAW I:
>
> THE LAW-OF-THE-CASE DOCTRINE DOES NOT LIMIT SUBJECT MATTER JURISDICTION.
>
> PROPOSITIONS OF LAW II, III AND IV:
>
> "A MOTION TO WITHDRAW A GUILTY PLEA MADE BY A DEFENDANT WHO HAS BEEN GIVEN A VOID SENTENCE MUST BE CONSIDERED AS A PRESENCENCE MOTION UNDER CRIM. R. 32.1" (STATE V. BOSWELL, 2007-OHIO-5718)
>
> THE FAILURE DURING A PLEA COLLOQUY TO ADVISE A DEFENDANT THAT MANDATORY POST-RELEASE CONTROL WILL BE PART OF A SENTENCE OF IMPRISONMENT CAUSES THE PLEA TO BE INVALID.
>
> THE FAILURE DURING A PLEA COLLOQUY TO ADVISE A DEFENDANT THAT AN OFFESE[sic] TO WHICH A PLEA OF GUILTY IS BEING ENTERED CARRIES WITH IT A MANDATORY TERM OF IMPRISONMENT CAUSES THE PLEA TO BE INVALID.

*Id*. at 23. On August 26, 2009, the Supreme Court of Ohio denied Petitioner leave to appeal and dismissed his appeal as not involving any substantial constitutional question. *Id*. at 56.

**K.    Motion for a Sentencing**

On November 3, 2009, Petitioner, pro se, filed a "Motion for a Sentencing" in the trial court. ECF Dkt. #4-3 at 57. On November 16, 2009, the trial court denied the motion. *Id*. at 63.

-11-

On December 16, 2009, Petitioner, through counsel, filed a notice of appeal to the Eighth District Court of Appeals. ECF Dkt. #4-3 at 64. On December 22, 2009, Petitioner, pro se, filed his own notice of appeal. *Id*. at 83. On December 29, 2009, the appellate court dismissed Petitioner's pro se appeal as duplicative of the appeal filed for him by counsel. *Id*. at 101.

While neither party has updated the Court as to the status of Petitioner's appeal of the trial court's denial of this motion, the undersigned reviewed the docket of Petitioner's appeal and found that on November 24, 2010, the appellate court affirmed the convictions but remanded the case again for the trial court to conduct a limited hearing and issue a correction of its journal entry. *See State of Ohio v. Craddock*, No. 94387, 2010 WL 4867978, 2010-Ohio-5782 (8th App. Dist. Nov. 24, 2010). The appellate court found merit to Petitioner's first assignment of error, indicating that the trial court failed to include in its journal entry that the parole board could impose a prison term of up to one-half of Petitioner's sentence if Petitioner violated post-release control. *Id.* at *4. The court cited its own recent precedent and remanded the case so that the trial court could conduct a hearing and correct its failure to include in its journal entry notice to Petitioner that the parole board could impose a prison term on Petitioner if he violated post-release control. *Id*. The appellate court denied Petitioner's other two assignments of error which asserted that the trial court should consider his motion to withdraw his guilty plea because he technically had yet to be sentenced since his sentence was rendered void. *Id*. The appellate court held that Petitioner's sentence was not rendered void by the trial court's failure. The appellate court relied upon the law of the case doctrine as well, explaining that it had repeatedly affirmed the validity of Petitioner's plea. *Id.*

The last docket entry in this appellate case shows the affirmance of the judgment and remand for resentencing. *See* http://cpdocket.cp.cuyahogacounty.us/p_CV_Docket.aspx.

### L.        Other State Filings

Neither party has updated the Court as to whether any further filings have occurred and the undersigned proceeds on the presumption that both are relying upon the state filings up to the November 24, 2010 affirmance of the judgment and remand by the Eighth District Court of Appeals.

-12-

## II. FEDERAL HABEAS CORPUS PETITION

On December 9, 2009, Petitioner, through counsel, filed the instant petition seeking relief from his state court conviction.  ECF Dkt. #1.  Petitioner presents the following two grounds for relief:

> **Ground One:**
>
> The guilty plea was invalid because the defendant was misadvised regarding the penalties attendant to his offense.
>
> **Ground Two:**
>
> Trial court violated due process by not sentencing defendant to minimum and concurrent terms of imprisonment, because such sentence was only available under Ohio law without resort to judicial findings and trial court was not allowed to apply Ohio Supreme Court decision that abrogated need for such findings to a case where the offense conduct preceded the Ohio Supreme Court decision.

ECF Dkt. #1.  Petitioner attached a statement for his supporting facts, reviewing the procedural history of his case and concluding:

> In *Craddock IV*, Mr. Craddock also challenged the fourteen-year sentence imposed. At the time of his offense, the only sentence that could be imposed on Mr. Craddock was a minimum and concurrent sentence of three years, unless the trial court made findings pursuant to O.R.C. 2929.14 et seq.  However, because of the U.S. Supreme Court's decision in *Blakely v. Washington*, the Ohio Supreme Court, on February 27, 2006, in *State v. Foster*, 109 Ohio St.3d 1, held that such findings were unconstitutional and remedied the problem by removing the need for such findings. The trial court applied the new rule to a case where the criminal conduct preceded the Ohio Supreme Court's decision.  The trial court imposed the fourteen-year sentence without making findings as required by the statute.  The departure from a minimum sentence on each count was an unconstitutionally retroactive application of the *Foster* remedy.  Moreover, the imposition of consecutive sentences without making findings in support was a violation of due process because a requirement of findings in support of a consecutive sentence does not violate *Blakely*.

*Id.* at 8.  On March 12, 2010, Respondent filed his Answer/Return of Writ.  ECF Dkt. #4.  On May 14, 2010, Petitioner, through counsel, filed a traverse.  ECF Dkt. #6.

## III. PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus.  As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."

-13-

532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

The Antiterrorism and Effective Death Penalty Act of 1996's statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date that judgment became final. 28 U.S.C. § 2244(d)(1).  In general, a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must comply with the statute of limitations period set forth in 28 U.S.C. § 2244, which provides:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The statute of limitations is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003); *see* 28 U.S.C. § 2244(d)(2).  To determine if a state proceeding will toll the statute of limitations, the Sixth Circuit has held that:

> A state petition for post-conviction or other collateral review that does not address one or more of the grounds of the federal habeas petition in question is not a review 'with respect to the pertinent judgment or claim' within the meaning of 28 U.S.C. § 2244(d)(2), and therefore does not toll the one-year AEDPA statute of limitations.

*Austin v. Mitchell*, 200 F.3d 391, 395 (6th Cir. 1999).  Further, the "tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.  Once the limitations period has expired, collateral petitions can no longer serve

-14-

to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

The one-year statute of limitations under Section 2244 is subject to equitable tolling when a petitioner's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the petitioner's control. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). The Sixth Circuit has stated that "federal courts sparingly bestow equitable tolling." *Graham-Humphreys*, 209 F.3d at 560-61; *Jurado*, 337 F.3d at 642. When determining whether equitable tolling is appropriate, the court must consider: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Dunlap*, 250 F.3d at 1008; *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002). These factors are not comprehensive and not all of the factors are relevant in all cases. *Cook*, 295 F.3d at 521. Whether equitable tolling is appropriate is a case-by-case analysis. *Id.* "Absence of prejudice is a factor to be considered only after a factor that might justify tolling is identified." *Allen v. Yukins*, 366 F.3d 396, 401-02, 404 (6th Cir. 2004). The petitioner bears the ultimate burden of persuading the court that he is entitled to equitable tolling. *Vroman*, 346 F.3d at 605.

If a petitioner's federal habeas corpus petition overcomes the statute of limitations hurdle, the procedural issues of exhaustion and procedural default apply.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly

-15-

present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993) cert. denied, 509 U.S. 907 (1993)(quotation omitted). In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id*. at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, id. at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031-32 (6th Cir. 2009). The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement.

-16-

*Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman,* 501 U.S. at 730. For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis removed). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). Under the *Maupin* test, a reviewing court must decide:

> (1)  whether the petitioner failed to comply with an applicable state procedural rule;
>
> (2)  whether the state courts actually enforced the state procedural sanction;
>
> (3)  whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and
>
> (4)  if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138.

Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (state procedural bar that is not "firmly established and regularly followed" cannot serve to bar federal judicial review); *Franklin v. Anderson*, 434 F.3d 412, 418 (6th Cir. 2006). The question of whether a state procedural rule was "firmly established and regularly followed" is determined as of the time at which it was to be applied. *Richey v. Mitchell*, 395 F.3d 660, 680 (6th Cir. 2005).

Under the second prong, the last state court to which the petitioner sought review must have

-17-

invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (appeal dismissed for lack of jurisdiction); *Richey*, 395 F.3d at 678 ("a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (even if issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises); *Boyle v. Million*, 201 F.3d 711, 716-17 (6th Cir. 2000)(where a state appellate court characterizes its earlier decision as substantive, the earlier decision did not rely on a procedural bar; therefore, the cause and prejudice test does not apply).

Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson v. Kapture*, 384 F.3d 310, 313-14 (6th Cir. 2004).

Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), cert. denied, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review federal claims:

> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel*, 301 F.Supp.2d 698, 722 (N.D. Ohio 2004).

**IV**.    **STANDARD OF REVIEW**

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion and

procedural default, AEDPA governs this Court's review of the instant case because Petitioner filed

his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 on December 9, 2009, well

after the act's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997),

*cert. denied*, 522 U.S. 1112 (1998).  Under Section 2254, a state prisoner is entitled to relief if he

is held in custody in violation of the United States Constitution or laws or treaties of the United

States.  28 U.S.C. § 2254(d).

 The AEDPA sets forth the standard of review for the merits of a petition for the writ of

habeas corpus.  The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to
> any claim that was adjudicated on the merits in State court proceedings unless
> the adjudication of the claim –
>
> > (1) resulted in a decision that was *contrary to*, or involved an
> > *unreasonable application of*, clearly established Federal law, as
> > determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination
> > of the facts in light of the evidence presented in the State court
> > proceeding.

28 U.S.C. § 2254(d) (emphasis added).  In *Williams v. Taylor*, the Supreme Court clarified the

language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state
> court arrives at a conclusion opposite to that reached by this Court on a question of law
> or if the state court decides a case differently than this Court has on a set of materially
> indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas
> court may grant the writ if the state court identifies the correct governing legal
> principle from this Court's decisions but unreasonably applies that principle to the
> facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  Furthermore, the Supreme Court declared that "a

federal habeas court making the 'unreasonable application' inquiry should ask whether the state

court's application of clearly established federal law was objectively unreasonable." *Id.*  Elaborating

on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue

the writ simply because that court concludes in its independent judgment that the relevant state-court

decision applied clearly established federal law erroneously or incorrectly. Rather, that application

must also be unreasonable." *Id*.; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

-19-

The Sixth Circuit Court of Appeals offers the following guidelines for applying the AEDPA limitations:

A.    Decisions of lower federal courts may not be considered.

B.    Only the holdings of the Supreme Court, rather than its dicta, may be considered.

C.    The state court decision may be overturned only if:

    1.    It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;

    2.    the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

    3.    'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

    4.    the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

D.    Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable.  That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.'  'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'

E.    Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which

-20-

the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Duttion*, 785 F.2d 131, 133 (6th Cir. 1986).  The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

> (e)(1)In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e).  The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact.  *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993).  The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997).  Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law.  *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000).  Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

## **V**.     **ANALYSIS**

### **A.     Statute of Limitations**

Respondent asserts that Petitioner's first ground for relief is barred by the AEDPA statute of limitations because he was required to bring challenges to his underlying conviction within one year of the conclusion of direct review of the original sentencing decision.  ECF Dkt. #4 at 14. Respondent cites the Sixth Circuit Court of Appeals' holding in *Bachman v. Bagley*, 487 F.3d 979 (6th Cir. 2007) in support of this assertion, explaining that Petitioner's conviction became final on March 17, 2000, thirty days after the trial court imposed his original sentence, because Petitioner failed to take any action to challenge his conviction.  *Id*.  Respondent contends that Petitioner therefore had one year from March 17, 2000, or until March 17, 2001, in which to file his federal habeas corpus petition.  *Id*. at 15.

-21-

Petitioner was sentenced on February 15, 2000 and he did not file a direct appeal. ECF Dkt.#4-1 at 16. Usually, the date that a federal habeas corpus petitioner's judgment becomes final for §2244(d)(1)(A) for purposes is after direct review or expiration of the time for seeking direct review of the conviction and sentence. However, when a federal habeas petitioner has been sentenced more than once, as is the case here, the federal courts have approached the date of finality differently.

The Sixth Circuit Court of Appeals held in *Bachman v. Bagley*, 487 F.3d 979, 982 (6th Cir.2007) that the beginning of the one-year statute of limitations period in federal habeas corpus cases under §2244(d)(1)(A) is determined based upon the content of each of the grounds for relief presented. The *Bachman* Court relied upon its prior precedent in finding that Bachman's designation as a sexual predator "started the running of a nee[new] statute of limitations period with respect to challenges to the sexual predator designation only not with respect to challenges to his underlying conviction, such as those raised in the habeas petition at issue here." *Id.* at 983-984. The Court rejected Bachman's assertion based upon the Eleventh Circuit's holding in *Walker v. Crosby*, 341 F.3d 1240 (11th Cir. 2003) that the sexual predator designation restarts the federal habeas corpus statute of limitations as to *any* claim related to his conviction. *Id.* at 984. The *Bachman* Court found that the *Walke*r holding contradicted its prior decisions in *Linscott v. Rose*, 436 F.3d 587 (6th Cir. 2006) and *DiCenzi v. Rose*, 452 F.3d 465 (6th Cir. 2006). In *Linscott*, the Court held that the one-year statute of limitations under §2244(d)(1)(A) begins to run on a federal habeas corpus petition that challenges only a resentencing judgment on the date that the resentencing judgment became final, not the date that the original conviction and sentence became final. *Id.* at 591. The Court's decision in *DiCenz*i confirmed the *Linscott* rule. *DiCenzi*, 452 F.3d at 472.

In holding that the determination of when the AEDPA one-year statute of limitations begins under §2244(d)(1)(A) is based upon the content of the petitioner's claims, the Sixth Circuit relied upon the logic of the Third Circuit Court of Appeals in *Fielder v. Varner*, 379 F.3d 113 (3rd Cir. 2004), which refused to adopt the Eleventh Circuit's *Walker* decision. The *Bachman* Court agreed with the *Fielder* Court's observation that allowing the same beginning date for the statute of

limitations for the entire habeas corpus petition "'has the strange effect of permitting a late-accruing federal habeas claim to open the door for the assertion of other claims that had become time-barred years earlier,' a result that Congress never intended when it designed the federal habeas statutes." *Bachman*, 487 F.3d at 984, quoting *Fielder*, 379 F.3d at 120.

Notably, the *Bachman* Court did not address the United States Supreme Court's holding in *Burton v. Stewart*, 549 U.S. 147, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007), which was decided a few months earlier. The Supreme Court held in *Burton* that under §2244(d)(1)(A), "a final judgment in a criminal case means sentence. The sentence is the judgment." *Burton*, 549 U.S. at 156-157. Burton was convicted and sentenced in 1994, but then resentenced in 1996 and again in 1998. *Id.* at 149-151. Burton filed a federal habeas corpus petition in 1998, after the trial court had issued the final resentencing judgment but while his appeal of that judgment was pending in the appellate court. *Id.* at 151. In his federal habeas corpus petition, Burton requested review of his 1994 conviction but not his sentence. *Id.* In 2002, after he challenged and exhausted his state appeal from his 1998 resentencing judgment, Burton filed another federal habeas corpus petition, challenging his 1998 resentence. *Id.* The district and appellate courts addressed the latter petition on the merits, but the Supreme Court found it to be a second or successive petition under 28 U.S.C. § 2244(b) that the district court lacked jurisdiction to consider without having authorization from the circuit court pursuant to 28 U.S.C. § 2244(b)(3). *Id.* at 152.

In finding the latter petition to be a second or successive petition, the Supreme Court rejected Burton's assertion that he should have been permitted to file separate federal habeas corpus petitions because each challenged a different judgment. *Burton*, 549 U.S. at 155-156. The Supreme Court explained that the 1998 judgment was the one under which Burton was being detained both when he filed the 1998 federal habeas corpus petition and when he filed his second petition in 2002. *Id.* at 156.

While the Sixth Circuit did not address the Supreme Court's *Burton* decision in *Bachman*, courts in the Sixth Circuit have noted that *Burton* may have an impact on the *Bachman* holding. "In light of *Burton*, several courts within the Sixth Circuit have questioned *Bachman's* precedential value

and other courts have abandoned the claim by claim approach when determining the limitations period in re-sentencing cases." *Simmons v. Gansheimer*, No. 1:08CV1166, 2010 WL 6783820, at *8 (N.D. Ohio Nov. 19, 2010)(collecting cases), Report and Recommendation Adopted by *Simmons v. Gansheimer*, No. 1:08CV1166, 2011 WL 2456678 (N.D. Ohio Jun. 16, 2011), unpublished.

In the instant case, if the Court were to apply *Bachman* and look at each claim separately, Petitioner's first ground for relief would be barred by the statute of limitations as it was final thirty days after the trial court imposed sentence on March 15, 2000, when Petitioner should have directly appealed his conviction but did not. Thus, Petitioner would have had until March 17, 2001 in which to file to federal habeas corpus petition. Petitioner filed his federal habeas corpus petition on December 9, 2009. ECF Dkt. #1.

However, if the Court were to apply *Burton* and consider both of Petitioner's grounds for relief final upon his resentencing, or resentencings in this case, then the federal habeas corpus petition is timely as Petitioner was last resentenced on February 1, 2007, timely appealed that resentencing, and ended his direct appeal process on July 9, 2008 when the Supreme Court of Ohio denied him leave to appeal. ECF Dkt. #4-2 at 213. Petitioner would have then had one year, or until July 10, 2009, in which to file his federal habeas corpus unless he properly filed petitions for post-conviction relief before the state courts. *Jurado,* 337 F.3d at 640; *see* 28 U.S.C. § 2244(d)(2). Petitioner did file such motions and Respondent concedes that Petitioner's motion to withdraw his guilty plea and subsequent appeals, as well as his "Motion for a Sentencing" tolled the AEDPA statute of limitations. ECF Dkt. #4 at 15. Respondent concedes that Petitioner's challenge to his 2007 resentencing is timely. *Id*.

Thus, if the Court applies *Bachman*, the undersigned recommends that the Court find that Petitioner's first ground for relief is barred by the AEPDA statute of limitations. If the Court applies *Burton* and considers the entire petition, the undersigned recommends that the Court find that Petitioner's federal habeas corpus petition is timely filed due to his numerous resentencings.

-24-

**B.**     **Procedural Default–First Ground for Relief**

Even if the Court would find that Petitioner's federal habeas corpus petition is timely filed, the undersigned recommends that the Court find that Petitioner has procedurally defaulted his first ground for relief.

As to his first ground for relief, Petitioner did not raise the issue of the trial court's misadvice regarding his eligibility for judicial release or the post-release control issue on direct appeal.  In fact, Petitioner never filed a direct appeal of his original conviction and sentence at all.  Further, the first time that Petitioner did move to withdraw his guilty plea on July 9, 2001, he did not raise either of these issues and he never appealed the appellate court's affirmance denying this motion to the Supreme Court of Ohio.  ECF Dkt. #4-1 at 17.

The first time that Petitioner raised both the judicial release issue and the post-control release issue in the context of withdrawing his plea was in his second motion to withdraw his plea filed on October 20, 2005.  ECF Dkt. #4-1 at 279.  The trial court subsequently denied the motion and Petitioner appealed that determination.  ECF Dkt. #4-2 at 1; ECF Dkt. #4-3 at 211, 213-225; ECF Dkt. #4-2 at 3.  The appellate court affirmed the trial court's denial of the motion as to Petitioner's conviction and remanded only for resentencing.  ECF Dkt. #4-2 at 64.  Petitioner appealed that determination to the  Supreme Court of Ohio, who denied him leave to appeal.  ECF Dkt. #4-2 at 94. That unexplained order is presumed to rest upon the same grounds as the last reasoned state judgment of the appellate court in this case.  *See Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996) citing *Ylst*, 501 U.S. at 803( "[w]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim [are presumed to] rest upon the *same ground*.")(emphasis added).  The last reasoned state court judgment, that of the appellate court, relied upon res judicata as an alternative ground for denying review of the trial court's decision denying the motion to withdraw the guilty plea.  ECF Dkt. #4-2 at 69-70.  The fact that the appellate decision rested upon procedural default as an "alternative ground" does not bar this Court from refusing to reach the merits of the federal habeas petition.  *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991).

The appellate court found that Petitioner should have raised the issues that he raised in the second motion to withdraw his guilty plea in his first motion, which had already been denied by the trial court and affirmed on appeal.  ECF Dkt. #4-2 at 69-70.  The appellate court rejected Petitioner's claim that he was unable to present the issue of his ineligibility for judicial release after three years because he did not know he would not be eligible for judicial release until after that motion.  *Id*. at 70.  The appellate court quoted the transcript of the plea hearing in which the three year judicial release issue was raised in order to show that the issue was apparent from the record.  *Id*. at 70; ECF Dkt. #4-3 at 150, 153.  The appellate court also rejected Petitioner's assertion that his counsel improperly advised him of judicial release, finding that this argument relied upon evidence outside of the record and thus should have been raised in a petition for post-conviction relief.  *Id.* at 71.

Petitioner continued to raise the judicial release and post-control issue throughout the state courts, filing two additional motions to withdraw his guilty plea and a motion for a sentencing.  ECF Dkt. #4-3 at 302, ECF Dkt. #4-3 at 4-2 at 221, ECF Dkt. #4-3 at 57.  Petitioner followed through with appeals of the denials of the two motions to withdraw his plea to the Supreme Court of Ohio.  ECF Dkt. #4-2 at 174, 177; ECF Dkt. #4-3 at 20, 23.  The Supreme Court of Ohio denied Petitioner leave to appeal in each instance and dismissed the appeals without discussion.  ECF Dkt. #4-2- at 212; ECF Dkt. #4-3 at 56.  The Ohio appellate court did review the trial court's denials of the motions and each time relied upon its prior decision affirming his conviction, finding that the trial court lacked jurisdiction to address the motions, and relying upon its prior decisions as the law of the case.  ECF Dkt. #4-2 at 164; ECF Dkt. #4-3 at 12-17.  It also continuously relied upon res judicata, finding that Petitioner should have raised these issues on direct appeal as they were apparent from the record.

The undersigned recommends that the Court find that Petitioner has procedurally defaulted his first ground for relief because he failed to raise the issues contained therein on direct appeal when they were readily apparent from the face of the record.  *See Simmons v. Gansheimer*, 2010 WL 6783820, at *10-11 (because the grounds for relief rely on matters apparent from the face of the record, petitioner had to raise his claims on direct appeal up to the Supreme Court of Ohio in order to invoke one complete round of Ohio's ordinary appellate review process), Report and

Recommendation Adopted by *Simmons v. Gansheimer*, 2011 WL 2456678. Moreover, the appellate court applied the doctrine of res judicata when Petitioner finally did raise these issues in his second motion to withdraw his guilty plea and appealed the trial court's denial of this motion. ECF Dkt. #4-2 at 64-70. The appellate court held that Petitioner should have raised the judicial release and post-control release issues on direct appeal. *Id*. The Ohio appellate court has continued to apply res judicata in each and every appeal that Petitioner has presented on these issues. Thus, the undersigned recommends that the Court find that the first and second prongs of *Maupin* are met as the state court found that Petitioner should have raised his claims in the first ground for relief in direct review and the state appellate court actually enforced this state procedural sanction. *See Lundgren v. Mitchell*, 440 F.3d 754, 765, fn. 2 (6th Cir. 2006). The Court should further find that the third *Maupin* factor is met as res judicata is an "adequate and independent" state ground on which the state can foreclose federal review. *Id*. The question thus becomes whether Petitioner has demonstrated cause for the default and prejudice resulting from not reviewing the claim, or whether a fundamental miscarriage of justice will result from not reviewing the claim. Petitioner in this case makes no assertions as to cause, prejudice or a fundamental miscarriage of justice. Accordingly, the undersigned recommends that the Court find that Petitioner has procedurally defaulted his first ground for relief.

Should the Court determine that Petitioner's first ground for relief has not been procedurally defaulted for the above reasons, the undersigned recommends that the Court find that it is otherwise procedurally defaulted because the Ohio appellate court enforced a state procedural rule by holding that the trial court lacked jurisdiction to rule on the motions to withdraw the guilty pleas as they were not filed in accord with the Ohio Rules of Criminal Procedure. Courts in this District have found that a federal habeas corpus petitioner's failure to timely file a motion to withdraw his guilty plea in the state court prior to sentencing or before a first direct appeal is an adequate and independent ground for barring review of the claims in federal habeas because the timing is a state procedural rule that meets the first three prongs of *Maupin,* and when the motion is not timely filed, the trial court is divested of jurisdiction to review that motion. *See Sawyer v. Hudson*, No. 1:07CV3804, 2010 WL 359019, at *10 (N.D. Ohio, Jan. 29, 2010), unpublished, citing and quoting *Steimle v. Jackson*, Case

Number 1:04CV813, 2005 WL 3357305 (N.D. Ohio, Dec. 9, 2005).  The appellate court in this case, on numerous occasions, held that the trial court lacked jurisdiction to review Petitioner's motions to withdraw his guilty pleas as the appellate court had affirmed Petitioner's convictions and only remanded his case for resentencing each time that it was remanded.  *See* ECF Dkt. #4-2 at 67-68; ECF Dkt. #4-3 at 16-17.  In its final decision addressing this ground for relief, the appellate court summarily rejected Petitioner's claims, holding that the trial court lacked jurisdiction to consider Petitioner's motion.  ECF Dkt. #4-13 at 16.  The appellate court quoted its February 19, 2008 decision and found that its last mandate was "clear and dispositive: the conviction was affirmed and the case was remanded to the trial court for execution of the sentence."  *Id*. at 17.

For these reasons, the undersigned recommends that the Court find that Petitioner's first ground for relief is procedurally defaulted.

### C.     Merits Analysis-Second Ground for Relief

As to Petitioner's second ground for relief, the undersigned recommends that the Court deny this ground for relief as without merit.  Petitioner contends that sentencing him to more than a minimum and concurrent sentence violates federal due process and ex post facto principles because that was the only sentence that the court could impose without making judicial findings.  ECF Dkt. #1 at 8.  Petitioner argues that the court could not apply *State v. Foster* when sentencing him because his offense conduct preceded *Foster*.  *Id*.

The undersigned notes that Petitioner's case was remanded for a sixth time after the Eighth District Court of Appeals sustained one of Petitioner's assignments of error on November 24, 2010.  *See State v. Craddock*, No. 94387, 2010 WL 4867978 (Ohio App. 8th Dist. Nov. 24, 2010).  However, the court remanded the case for the limited purpose of remedying the trial court's failure to include proper post-release control language in its journal entry.  *Id*.  The court specifically held that Petitioner's sentence was not void as a result of this remand and that his plea was not impacted as it had repeatedly held in prior decisions that his plea was valid.  *Id*.  Thus, although Petitioner's state case is technically still ongoing, he did not raise *Foster* issues in this last state appeal and his case was not remanded based upon a *Foster* issue.  Thus, the undersigned sees no exhaustion impediment.

The undersigned recommends that the Court find that Petitioner's second ground for relief has no merit. To the extent Petitioner's claim implicates the Ex Post Facto Clause, it lacks merit because the Supreme Court of Ohio is not a legislature bound by the Ex Post Facto Clause. The Ex Post Facto Clause is contained in Article I of the federal constitution, which pertains to legislative powers. And the United States Supreme Court held in *Rogers v. Tennessee*, 532 U.S. 451, 456, 121 S.Ct. 1693, 149 L.Ed.2d 697 (2001), "As the text of the [Ex Post Facto] Clause makes clear, it is a limitation upon the powers of the Legislature, and does not of its own force apply to the Judicial Branch of government."

The *Rogers* Court did indicate, however, "that limitations on ex post facto judicial decisionmaking are inherent in the notion of due process." *Rogers,* 532 U.S. at 456. Petitioner alleges a violation of his due process rights as well. However, "*Foster* did not alter the sentencing range available under [ORC] §2929.14(A), it merely did away with the threshold requirement of judicial fact finding." *See Gonzales v. Welch, No.* No. 3:08-CV-2269, 2010 WL 32222085, at *3 (N.D. Ohio, Aug. 13, 2010). As noted by this Court in *Gonzales*, every Court in this District has rejected ex post facto challenges to the *Foster* retroactive sentencing because *Foster* did not alter the sentencing range and therefore defendants were aware of the maximum penalties that they faced prior to committing the crimes. *Id.*(collecting cases). Accordingly, lack of notice or fair warning of a possible sentence is not implicated.

For these reasons, the undersigned recommends that the Court find that Petitioner's ex post facto and due process challenges lack merit.

-29-

## VI.    CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court find that Petitioner has procedurally defaulted his first ground for relief.  ECF Dkt. #1.  The undersigned further recommends that the Court find that Petitioner's second ground for relief is without merit.  Accordingly, the undersigned recommends that the Court DISMISS the instant petition, in its entirety, with prejudice.


Date: November 18, 2011                    *s/George J. Limbert*
                                            GEORGE J. LIMBERT
                                            UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice.  Fed. R. Civ. P. 72; L.R. 72.3.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

_____

-30-